# EXHIBIT B

# EXHIBIT B

# SUMMONS

| Second Judicial District Court<br>Bernalillo County, New Mexico<br>Court Address: 400 Lomas Blvd., N.W.<br>Albuquerque, New Mexico 87102<br>Court Telephone: 505-841-8400 | Case Number: D-202-CV-2016-00935<br><br>Judge: Alan Malott |
|---|---|
| Plaintiff: JOHN P. HOLGUIN<br>v.<br>Defendant: THE STANDARD LIFE INSURANCE COMPANY OF NEW YORK | The Standard Life Insurance Company of New York<br>PO Box 5031<br>White Plains, NY 10602-9943 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA.) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____, New Mexico, this _____ day of 2/12/2016, 20__.

JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: _____
Patricia Serna, Deputy

Attorney for Plaintiff
DONALD D. VIGIL, P.C.
100 14th Street, S.W.
Albuquerque, NM 87102
(505) 247-2020; Fax: (505) 764-8380
donvigil@donalddvigil.com

RECEIVED

Office of Superintendent
of Insurance

FILED IN MY OFFICE
DISTRICT COURT CLERK
2/12/2016 11:29:19 AM
James A. Noel
Chris Peck

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

JOHN P. HOLGUIN,   D-202-CV-2016-00935

      Plaintiff,

vs.

THE STANDARD LIFE INSURANCE COMPANY OF NEW YORK,

      Defendant.

## COMPLAINT FOR LONG TERM DISABILITY, FOR BREACH OF CONTRACT, FOR VIOLATIONS OF THE UNFAIR PRACTICES ACT AND FOR VIOLATIONS OF ERISA

Plaintiff John Holguin, by and through his attorney Donald D. Vigil, PC, states as to his causes of action against Defendant The Standard Insurance Company, as follows:

### INTRODUCTION

1. This case arises under the Employment Retirement Income Security Act of 1974 as amended, 29 U.S.C. §1001 et. seq. ("ERISA"); AND

2. In the alternative, if it is determined that the case does not arise under the Employment Retirement Income Security Act of 1974 as amended, 29 U.S.C. §1001 et. seq., then this is an action to recover damages and attorney's fees on the related state law claim for unfair trade practices.

### PARTIES

3. John Holguin, hereinafter referred to as the Plaintiff, is a resident of Bernalillo County, New Mexico.

4. On information and belief, Defendant The Standard Insurance Company is a foreign corporation, having its principal place of business in New York state. The Standard Insurance Company regularly does business in Bernalillo County and New Mexico and, at all times material herein, was engaged in trade of commerce as defined by Section 57-12-2 NMSA 1978. Upon information and belief, it's policy provisions are administered by The Standard Insurance Company.

## JURISDICTION AND VENUE

5. Upon information and belief, Plaintiff maintains that this case is not governed by ERISA 29 U.S.C. § 1132(f) as outlined more fully below, and for that reason, jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

6. Plaintiff was employed with the American Society of Mechanical Engineers (hereinafter *ASME*) until January 30, 2015, when he became disabled.

7. Beginning in approximately January 2015, Plaintiff's physical condition prevented him from completing tasks associated with his employment. His sickness and ill health made him unable to work for ASME and prevented him from performing every duty pertaining to his occupation for remuneration or profit.

8. Plaintiff left his employment with ASME due to his inability to perform work as a result of his disability.

9. Plaintiff applied to Defendant for disability benefits under Defendant's Long Term Disability Benefit Plan ("the Plan"), in which he was a covered participant.

15. During that time frame and continuing thereafter, Plaintiff's condition has not improved and he has aged. As of the date of this complaint, Plaintiff is 56 years old.

16. During that time frame, no doctor or other medical provider has released Plaintiff to return to work.

17. Plaintiff went through Defendant's administrative process and Defendant made a final determination on August 27, 2015 that Plaintiff was not disabled according to Defendant's LTD policy.

## II - UNFAIR TRADE PRACTICES

18. Defendant was and is engaged in trade or commerce within the State of New Mexico within the meaning of those terms in the New Mexico Unfair Practices Act (Section 57-12-1 *et seq.*, NMSA 1978) (The "Unfair Practices Act").

19. Defendant's conduct tended to and did deceive and mislead Plaintiff, caused confusion and misunderstanding as to the Plan's benefits for Plaintiff, and used exaggeration, innuendo and ambiguity as to material facts about the Plan.

20. As a result of such violations of the Unfair Practices Act by Defendant, Plaintiff is entitled to recover his actual damages, court costs and attorneys' fees from Defendant, in amounts to be proven at trial.

## III -BREACH OF FIDUCIARY DUTY UNDER ERISA

21. In the event that it is determined that this matter is governed solely by ERISA, then the following is being pleaded in the alternative:

22. Defendant owed Plaintiff the fiduciary duty under ERISA to administer the Plan solely in the interest of the Plan's participants and beneficiaries. ERISA §404(a)(1)(A), 29 U.S.C. §(a)(1).

23. By failing to pay Plaintiff his correct, full benefits due under the Plan, Defendant has administered the Plan for its benefit, not solely in the interest of Plaintiff and other

Plan participants, and thereby has violated its above fiduciary duty under ERISA.

24. As a result of this breach, Defendant and its Plan administrators are jointly and severally and personally liable to Plaintiff.

## IV - ATTORNEY'S FEES UNDER ERISA

25. Defendant's conduct in this action is in the interests of all Plan participants, and the relief granted hereunder will benefit all such participants.

26. Defendant is able to satisfy an award of attorney's fees to Plaintiff.

27. Such an award would deter Defendant and others from so acting under similar circumstances.

28. Defendant's position and conduct were without merit during a period of extreme personal distress and disability for Plaintiff.

29. Defendant is entitled to recover reasonable attorney's fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132 (g).

## V- CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF

30. Defendant's actions, as set out in this Complaint, denied Plaintiff his full and correct benefits under the Plan and constitute breach of contract.

## SECOND CLAIM FOR RELIEF

31. Defendant's actions, as set out in this Complaint, constitute unfair trade practices.

## THIRD CLAIM FOR RELIEF

32. Defendant's actions, as set out in this Complaint, breached the fiduciary duty under ERISA to administer the plan solely in the interest of the Plan's participants and beneficiaries.

## FOURTH CLAIM FOR RELIEF

33. Defendant's actions, as set out in this Complaint, entitle Plaintiff to receive attorney's fees under ERISA and the New Mexico Unfair Trade Practices Act.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

A. Grant judgment on all of his claims.

B. Order that Defendant pay to Plaintiff the correct and full benefits due under the Plan.

B. Award Plaintiff reasonable and compensatory damages in an amount to be determined at trial, as a result of Defendant's failure to pay Plaintiff's correct, full benefits under the Plan; and for Breach of Defendant's fiduciary duties to Plaintiff and Violations of the New Mexico Unfair Trade Practices Act.

C. Award Plaintiff the costs of this action and his attorney's fees as provided by law, and;

D. Award Plaintiff such other and further relief as this Court deems just and equitable.

Respectfully submitted,
**DONALD D. VIGIL, P.C.**

_____
DONALD D. VIGIL
Attorney for Plaintiff
100 Fourteenth St. SW
Albuquerque, NM 87102
(505) 247-2020
(505) 764-8380 Fax

FILED IN MY OFFICE
DISTRICT COURT CLERK
2/12/2016 11:29:19 AM
James A. Noel
Chris Peck

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

JOHN P. HOLGUIN,            D-202-CV-2016-00935

        Plaintiff,

vs.

THE STANDARD LIFE INSURANCE COMPANY OF NEW YORK,

        Defendant.

## COURT-ANNEXED ARBITRATION CERTIFICATE

Donald D. Vigil, Counsel for Plaintiff, pursuant to Second Judicial District Court Local Rules, Rule LR2-603, certifies as follows:

> This party seeks only a money judgment and the amount sought EXCEEDS twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney fees.

Respectfully submitted,

DONALD D. VIGIL, P.C.

_/s/ Donald D. Vigil_
DONALD D. VIGIL
Attorney for Plaintiff
100 Fourteenth St. SW
Albuquerque, NM 87102
(505) 247-2020
(505) 764-8380 Fax